**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4798

ALPHONZO R. GRIFFIN, a/k/a Fuzzy,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-96-907, CA-97-2987-6-21)

Submitted: August 24, 1999

Decided: September 29, 1999

Before WILKINS and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kurt Tavernier, Greenville, South Carolina, for Appellant. E. Jean
Howard, OFFICE OF THE UNITED STATES ATTORNEY, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alphonzo R. Griffin appeals his conviction and sentence after a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994). Griffin's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Griffin was informed of his right to file a pro se supplemental brief, but he failed to file one.

Following a de novo review of the record, we find that the district court complied with all the mandates of Rule 11 in accepting Griffin's guilty plea. <u>See United States v. Goins</u>, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard); Fed. R. Crim. P. 11. We also find no plain error in the calculation of Griffin's sentence. In particular, Griffin was correctly sentenced as a career offender. He was over eighteen years old when he committed the instant felony offense, which involved a controlled substance, and he had two prior felony convictions. <u>See U.S. Sentencing Guidelines Manual</u> § 4B1.1 (1995).

In accordance with the requirements of <u>Anders</u>, we have reviewed the record for potential error and have found none. Therefore, we affirm Griffin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

2