UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4640

DARRICK LAMONT KEARNEY,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4693

MICHAEL ANTHONY HARMON, JR.,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CR-00-153)

Submitted: April 27, 2001

Decided: May 7, 2001

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina; Herbert W. Louthian, Jr., Deborah R.J. Shupe, LOUTHIAN
& LOUTHIAN, Columbia, South Carolina, for Appellants. Dean
Arthur Eichelberger, OFFICE OF THE UNITED STATES ATTOR-
NEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael A. Harmon and Darrick L. Kearney appeal their criminal
judgments convicting Harmon of use of a firearm during a crime of
violence and Harmon and Kearney of armed bank robbery. Counsel
for the Defendants have filed a brief in accordance with *Anders v.
California*, 386 U.S. 738 (1967), raising the issues of whether the
court complied with Fed. R. Crim. P. 11 in accepting Harmon's guilty
plea, the validity of Harmon's 18 U.S.C.A. § 924(c) (West 2000) con-
viction in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and
whether the court erred in increasing Kearney's base offense level for
the presence of a firearm used by Harmon during the crime, but stat-
ing that in their opinions there are no meritorious issues for appeal.
Harmon filed a supplemental pro se brief claiming that his coopera-
tion was not considered, that he was charged with two similar
offenses, and that he was not advised how to qualify for parole or
reduce his sentence. Finding no error, we affirm.

Following a de novo review of the record, we find that the district
court complied with all the mandates of Fed. R. Crim. P. 11 in accept-
ing Harmon's guilty plea. *United States v. Goins*, 51 F.3d 400, 402
(4th Cir. 1995) (providing standard). Harmon's conviction for bran-
dishing a firearm was not imposed in violation of the law. The "bran-

dished clause of 18 U.S.C. § 924(c)(1)(A)(ii) sets forth a sentencing factor that need not be charged in the indictment." *United States v. Harris*, 2001 WL 273146, *19 (4th Cir. Mar. 20, 2001) (No. 00-4154).

We find that the district court did not clearly err in applying a five-level enhancement for the presence of a firearm. Kearney and Harmon jointly committed and planned the offense. Kearney knew that Harmon was carrying a gun in furtherance of their jointly undertaken criminal activity. Therefore the court properly applied the enhancement. *U.S. Sentencing Guidelines Manual*, §§ 1B1.3(a)(1)(B) & 2B3.1(b)(2)(C) (2000).

Harmon's pro se supplemental claims are also without merit. Harmon, in fact, received a reduction for acceptance of responsibility; therefore, his cooperation was considered and rewarded. Harmon was also properly charged with armed bank robbery and a firearms offense under 18 U.S.C. § 924(c). The proof of the defendant's guilt of a predicate offense, in this case armed robbery, is an essential element of a conviction under § 924(c). *United States v. Randall*, 171 F.3d 195, 204 (4th Cir. 1999). Finally, the court and counsel were not required to advise Harmon regarding ways to qualify for parole and reduce his sentence.

We have reviewed the entire record in accordance with the requirements of *Anders* and find no error below. We therefore affirm the appeals. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*