# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 01-4056

WILLIE FLOYD LEE,
              *Defendant-Appellant.*

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 01-4058

WILLIE FLOYD LEE,
              *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-00-300, CR-94-49)

Submitted: July 31, 2001

Decided: August 15, 2001

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF

THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these consolidated appeals, Willie Floyd Lee appeals his conviction and sentence after a guilty plea to possession with intent to distribute and to distribution of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1) (West 2000) (No. 01-4056), and the district court's revocation of his supervised release term and the imposition of a twenty-four-month prison sentence (No. 01-4058). Lee's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious grounds for appeal. Lee was informed of his right to file a pro se supplemental brief, but he failed to do so.

The charges against Lee arose out of a controlled buy wherein Lee sold crack cocaine to a confidential informant in January 2000. After Lee's arrest in January 2000 for distributing crack cocaine, the probation officer filed a petition in district court alleging Lee violated the terms of his supervised release. At the time of the offense, Lee was serving a three-year term of supervised release that resulted from his conviction for conspiracy to possess with intent to distribute and to distribute cocaine base in 1994.

Following a de novo review of the record, we find that the district court complied with all the mandates of Fed. R. Crim. P. 11 in accepting Lee's guilty plea. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard). We also find no plain error in the calculation of Lee's sentence.* In particular, Lee was correctly sen-

---

*We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and find that, applying the statutory maximum set out in 21

tenced as a career offender. He was over eighteen years old when he committed the instant felony offense, which involved a controlled substance, and he had two prior felony convictions. *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998).

At the time Lee committed the present offense of possession with intent to distribute and distribution of cocaine base, he was serving a three-year term of supervised release. Lee admitted the supervised release violation and waived his right to a hearing. The district court found that Lee had committed the violation alleged by the Government, revoked his supervised release, and sentenced Lee to twenty-four months' imprisonment, to be served consecutively to the 170-month sentence for distribution of crack cocaine.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (1994). Here, Lee admitted to the violation alleged in the petition to revoke his supervised release. Further, because Lee's underlying conviction was for a Class C felony, the statutory maximum sentence upon revocation of his supervised release was two years incarceration. *Id.* The district court determined, pursuant to USSG § 7B1.4 (1998), that the guideline range for the supervised release violation was 33 to 41 months. However, pursuant to USSG § 7B1.4(b)(1), the district court was required to substitute the statutory maximum sentence for the applicable sentencing range. Accordingly, the district court did not abuse its discretion in revoking Lee's supervised release and sentencing him to twenty-four months' imprisonment.

In accordance with the requirements of *Anders*, we have reviewed the record for potential error and have found none. Therefore, we affirm Lee's conviction and sentence. This court requires that counsel

U.S.C.A. § 841(b)(1)(C) (West 1999), Lee's sentence does not exceed that maximum. Accordingly, his sentence does not implicate *Apprendi*. *See United States v. Promise*, ___ F.3d ___, 2001 WL 732389 (4th Cir. June 29, 2001) (No. 99-4737).

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*