UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 01-4233

DOUGLAS LEE LITTLE, SR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-27-V)

Submitted: November 27, 2001

Decided: December 11, 2001

Before LUTTIG, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Scott H. Gsell, Charlotte, North Carolina, for Appellant. Douglas Scott Broyles, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Douglas Lee Little, Sr., appeals his conviction and the sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Little's behalf that Little received ineffective assistance of counsel. Little has filed a pro se supplemental brief in which he contends his counsel was ineffective and that his plea was neither knowing nor voluntary. Finding no reversible error, we affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Little's ineffective assistance claims are therefore not cognizable in this direct appeal.

In his pro se supplemental brief, Little contends his plea was not knowing because he did not know he would receive such a lengthy sentence. This court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). A careful review of the record shows that any potential error was harmless.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Little's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*