OPINION
PER CURIAM.
A federal grand jury in the Western District of North Carolina indicted John Daley Strassini with one count of mail fraud, one count of wire fraud, seven counts of money laundering, seventeen counts of bank fraud, twelve counts of making false statements to obtain loans, and one count of witness tampering. Pursuant to a written plea agreement, Strassini pleaded guilty to two counts of bank fraud, one count of wire fraud, and one count of money laundering. On appeal, Strassini challenges the validity of his conviction, arguing that his guilty plea was unknowing and involuntary because the district court failed to inform him that the Government must prove materiality for the bank and wire fraud charges. Because we find that the district court’s error in failing to inform Strassini that materiality was an element of bank and wire fraud neither affected his substantial rights nor seriously affected the fairness, integrity, or public reputation of the judicial proceeding, we affirm Strassini’s conviction and sentence.
I.
In 1995, Strassini began a construction business in Charlotte, North Carolina, doing business as JDS Builders and Elite Home Builders. To obtain financing to develop residential properties, Strassini made various false representations to local financial institutions, on which they relied in lending Strassini millions of dollars.
For example, between November 2, 1995, and June 6, 1996, Strassini falsely represented to NationsBank, on at least three applications, that (1) he owned $50,000 in real estate in Moore County, Tennessee; (2) he had total assets of approximately $248,200; (3) he had a net worth of approximately $220,400; (4) Elite Homes had assets totaling approximately $652,000; (5) he had a Bachelor of Science degree in Mechanical Engineering from Cleveland State University; and (6) his 1994 adjusted gross income was approximately $96,000. Based on these false representations, NationsBank approved three construction loans totaling approximately $1,117,100.
On October 25, 1996, Strassini deposited a $47,500 check into his business account at NationsBank that was drawn on his MBNA America Visa credit card, even though he knew that the credit card had a $7,500 limit. Strassini made several withdrawals from the account before the check was returned for insufficient funds.
On April 16, 1997, Strassini falsely submitted documentation to Common Point Mortgage of Charlotte, North Carolina, representing that (1) he had a monthly gross income of $30,000; (2) he had a net worth of $1,490,576; (3) Elite Homes had been in business for 22 years; and (4) Elite Homes was worth $937,684. In addition, Strassini submitted false Federal Tax Forms 1040 and 1120. Based on these false representations, Common Point approved Strassini’s applications for mortgages of $480,200 and $438,800. Strassini submitted similar false information to secure other loans, the proceeds of which were deposited into his personal checking accounts.
Based on these and other false representations, the grand jury for the Western District of North Carolina charged Strassi *552 ni with thirty nine violations of federal law.[1] On December 4, 1998, Strassini filed a written plea agreement wherein he pleaded guilty to two counts of bank fraud, one count of wire fraud, and one count of money laundering. In the plea agreement, Strassini stipulated that there was a factual basis for his guilty plea and that presentation of the factual basis was deferred until sentencing.
On December 7, 1998, Strassini appeared in court to enter his plea. The district court, pursuant to Fed.R.Crim.P. 11 (Rule 11), informed Strassini of the crimes to which he was pleading guilty by explaining the elements of bank fraud, wire fraud, and money laundering. The district court did not, however, discuss the element of materiality in either the bank or wire fraud charge because, at the time of Strassini’s plea hearing, this circuit had not included the element of materiality in bank and wire fraud. See United States v. Romer, 148 F.3d 359, 370 (4th Cir.1998) (reciting the elements of bank fraud without including materiality); United States v. ReBrook, 58 F.3d 961, 966 (4th Cir.1995) (reciting the elements of wire fraud without including materiality). The district court accepted Strassini’s plea, finding that it was “knowingly and voluntarily made and that [Strassini] understood] the charges, potential penalties and consequences of the plea.” (J.A. at 84.)
On June 10, 1999, after Strassini’s plea hearing but before his sentencing hearing, the Supreme Court decided Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In Neder, the Court held that “materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.” Id. at 25.
On August 24, 1999, the district court held Strassini’s sentencing hearing. Strassini again stipulated to the factual basis in the Presentence Report and the district court entered guilty verdicts on all four pleaded counts. Nothing was said regarding Neder or materiality from any party or the district court, and Strassini did not attempt to withdraw his plea. The district court sentenced Strassini to 72 months imprisonment on each count, to be served concurrently, and $212,383 in restitution to his victims. Strassini filed a timely notice of appeal to this court.
On appeal, Strassini challenges the validity of his guilty plea, arguing that the district court’s omission of the element of materiality in his bank and wire fraud charges during the Rule 11 hearing makes his plea unknowing and involuntary, which, if true, would render the plea constitutionally invalid. Accordingly, Strassini argues that he should be permitted either to stand trial or plead anew.
II.
“Under the provisions of Rule 11(h), errors in plea proceedings are normally evaluated under a harmless error standard.” United States v. Martinez, 277 F.3d 517, 524 (4th Cir.2002). Because Strassini failed to challenge or question his plea before the district court, however, we review only for plain error. Id. (“[I]t is well established that forfeited error is reviewed under a plain error standard.”); United *553 States v. General, 278 F.3d 389, 392 (4th Cir.2002); see also United States v. Vonn, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002) (holding that plain error review is proper when a defendant fails to object to Rule 11 errors in the trial court). Accordingly, Strassini must establish that the alleged Rule 11 error meets the exacting requirements of plain error review, namely, (1) that the error occurred; (2) that the error was plain; (3) that the error affected his substantial rights; and (4) that we should exercise our discretion to notice the error because the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. General, 278 F.3d at 393; Martinez, 277 F.3d at 524; United States v. Stewart, 256 F.3d 231, 252 (4th Cir.2001). Because both parties agree that the district court erred and that the error was plain, we move to the third inquiry, whether the error affected Strassini’s substantial rights.
A.
An error affects a defendant’s substantial rights “if it is prejudicial, i.e., ‘[i]t must have affected the outcome of the district court proceedings.’ ” Martinez, 277 F.3d at 532 (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). To determine whether Strassini’s substantial rights were affected, we must consider: (1) Strassini’s knowledge, shown by the record, at the time he pleaded guilty; (2) what information would have been added to Strassini’s knowledge had the district court complied with Rule 11; and (3) whether the proper information would have influenced Strassini’s decision to plead guilty. See United States v. Goins, 51 F.3d 400, 402 (4th Cir.1995) (stating that a “court must determine whether the defendant’s knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty” (internal quotation marks omitted)). Under plain error review, “the defendant bears the burden of persuasion with respect to prejudice.” Martinez, 277 F.3d at 532 (citing Olano, 507 U.S. at 734); see also Vonn, 122 S.Ct. at 1046 (“We hold that a silent defendant has the burden to satisfy the plain error rule.”). Accordingly, Strassini must demonstrate that he would not have entered into his plea agreement with the Government and would not have pleaded guilty in his plea hearing if the district court had complied with the requirements of Rule 11 and included the element of materiality in its recitation of the bank and wire fraud charges. See Martinez, 277 F.3d at 532 (“Martinez must demonstrate that, absent the Rule 11 errors, he would not have entered into his plea agreement with the Government.”).
Strassini points to his own comments in his plea hearing that the harm to Nations-Bank was not “material” because Nations-Bank was never at a risk of loss and he repaid the loans as evidence that he would not have pleaded guilty had he known that materiality was an element of bank and wire fraud.[2] Viewed in isolation, these comments might be persuasive if, as a *554 defense to bank and wire fraud, Strassini could have asserted that he had repaid the financial institutions the money they lent him or that the financial institutions were never at a risk of loss. There are no such defenses, however, to bank and wire fraud. The element of materiality in the bank and wire fraud statutes requires only that the Government show that the false or fraudulent information was or could have been material to the financial institution’s decision to grant the loan. See Neder, 527 U.S. at 22. Material information is that which “ha[s] a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.” United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (internal quotation marks omitted). As discussed in part II.B below, Strassini admitted several times that he submitted false information to obtain loans. Accordingly, the false information was material.
In any event, Strassini’s acceptance of the plea agreement was not entirely predicated on his belief that materiality was not an element. Strassini would have faced thirty-nine separate criminal charges if he had gone to trial, resulting in a potential sentence of 991 years imprisonment and $31.5 million in fines.[3] Under the plea agreement, in contrast, Strassini only faced a potential sentence of 100 years imprisonment and about $5 million in fines and, importantly, the agreement also had stipulations that the Government would recommend downward departures if Strassini cooperated and accepted responsibility. Thus, although Strassini did not know that materiality was an element of bank and wire fraud at the time he pleaded guilty, if the district court had correctly advised Strassini regarding materiality, there is no reason to believe that Strassini would have sought to withdraw from the plea agreement. Cf Martinez, 277 F.3d at 533 (“Martinez faced the choice of proceeding to trial on eight charges with a potential maximum penalty of 160 years’ imprisonment and $7.5 million in fines, or accepting a plea which reduced his potential exposure to prison by sixty years, [and] reduced his financial exposure by $1.5 million.... Thus, even if Martinez had been correctly advised ..., there is no reason to believe he would have sought to withdraw from the plea agreement.”). Strassini, therefore, has failed to demonstrate that the *555 district court’s Rule 11 violation affected his substantial rights.
B.
Moreover, even if Strassini could demonstrate that the error affected his substantial rights, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings because there was “overwhelming” and “essentially uncontroverted” evidence of materiality. Cf. United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 1786-87, 152 L.Ed.2d 860 (2002) (failure by government to include necessary element in indictment); Vonn, 122 S.Ct. at 1046 (failure to object to Rule 11 error during plea hearing); Johnson v. United States, 520 U.S. 461, 469-70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (failure by district court to submit necessary element of offense to jury). In this regard, Strassini has explicitly admitted that he submitted false, material information to financial institutions to obtain loans by stipulating to the factual basis of his crimes as found in the Presentence Report. The Presentence Report details at least eight separate instances where “Strassini submitted fraudulent loan information” to financial institutions and, “fbjased on these false and fraudulent representations,” the financial institutions lent Strassini money to which Strassini did not object. (J.A. at 233-36 (emphasis added).) Furthermore, Strassini admitted multiple times that he submitted false, material information to financial institutions to obtain loans. (See, e.g., J.A. at 120 (Strassini’s attorney stating, “[Strassini] has [never] denied, nor does he deny now submitting false information in support of loan applications” (emphasis added)), 145 (Strassini stating, “I submitted some false information to obtain loans to build houses.” (emphasis added))).[4] Because there is over *556 whelming and essentially uncontroverted evidence that Strassini submitted false, material information to obtain loans, even if the Rule 11 error affected Strassini’s substantial rights and Strassini would not have pleaded guilty, we would not recognize the error.
III.
In conclusion, Strassini has presented no evidence to demonstrate that he would not have pleaded guilty had he known that the Government would have had to prove materiality in his bank and wire fraud charges. Based on this lack of evidence, and based on the staggering potential sentence that Strassini would have faced at trial, we conclude that Strassini has not shown that his substantial rights were violated by the exclusion of the element of materiality in the bank and wire fraud charges to which he pleaded guilty. Furthermore, because there is overwhelming and essentially uncontroverted evidence that Strassini submitted false, material information to obtain loans, we decline to recognize the error because the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding. For the foregoing reasons, Strassini’s challenge to the validity of his conviction is without merit, and we affirm. AFFIRMED.

. On November 7, 1997, the grand jury indicted Strassini for eleven violations of 18 U.S.C.A. § 1344 (West 2000) (bank fraud) and six violations of 18 U.S.C.A. § 1014 (West 2000) (making false statement to obtain loans). On October 7, 1998, the grand jury indicted Strassini for twenty two additional violations of federal law, namely, one violation of 18 U.S.C.A. § 1341 (West 2000) (mail fraud), one violation of 18 U.S.C.A. § 1343 (West 2000) (wire fraud), seven violations of 18 U.S.C.A. §§ 1956(a)(1), 1956(h), 1957 (West 2000) (money laundering), six violations of 18 U.S.C.A. § 1344 (bank fraud), six violations of 18 U.S.C.A. § 1014 (making false statements to obtain loans), and one violation of 18 U.S.C.A. § 1512(c)(2) (West 2000) (witness tampering).

. The dissent characterizes Strassini’s statement as showing “Strassini thought that his false statements to the lending institution were not material because the statements, according to him, were not important to the institutions' decisions to make construction loans.” Post at 557. To the contrary, Strassini stated that he thought he did not commit a crime “because [he] did not harm anybody.” (J.A. at 82.) Strassini believed that he did not harm the lending institutions because “they were never at risk of loss,” "I was never thirty days late in 18 months,” ”[t]hey were paid back in full,” and "nobody that I did business with had a loss or was at risk of loss.” (J.A. at 82.) Strassini's statement at the plea colloquy thus shows that Strassini thought that his false statements to the lending institutions were not material because the lending institutions were not at risk of loss. Materiality, however, does not concern whether there was *554 a risk of loss; it requires only that the lending institutions would reasonably rely on Strassini's false statements. See Neder v. United States, 527 U.S. 1, 22 n. 5, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). As discussed infra note 4, Strassini's counsel’s plea for leniency during sentencing neither demonstrates that his false statements were not material, nor can be substituted for Strassini’s stated rationale at the plea colloquy.

. Five of the money laundering counts, pursuant to 18 U.S.C.A. § 1956(a)(1), each carried a potential separate sentence of twenty years’ imprisonment plus a fine of $500,000. The other two money laundering counts, pursuant to 18 U.S.C.A. §§ 1956(h), 1957, carried potential sentences of thirty years and ten years imprisonment, respectively. The seventeen bank fraud counts, under 18 U.S.C.A. § 1344; the twelve false-statements-to-obtain-loans counts, under 18 U.S.C.A. § 1014; the mail fraud count, under 18 U.S.C.A. § 1341; and the wire fraud count, under 18 U.S.C.A. § 1343, each carried a potential separate sentence of thirty years imprisonment plus a fine of $1,000,000. The witness tampering count, under 18 U.S.C.A. § 1512(c)(2), carried a potential one year sentence. Under the indictments, therefore, Strassini faced a potential sentence of 991 years imprisonment and $31.5 million in fines.
Moreover, Strassini explicitly admitted that he was guilty of at least the twelve counts under 18 U.S.C.A. § 1014 in the Rule 11 hearing. These counts alone would amount to a potential sentence of 360 years imprisonment and $12 million in fines.

. Despite the multiple admissions in the Presentence Report and the record that Strassini made material, false statements to obtain loans, Strassini asserts on appeal that the following statement by his attorney during his sentencing hearing shows that the information he presented to the financial institutions was not material because the financial institutions were not lending based on what he told them:
Our position is that [Strassini] did what [the Government] say[s], that he has misrepresented himself, he presented income tax returns that were inaccurate and he has played fast and loose with the truth on any number of occasions when he went to banks to borrow money, but that because of the nature of the construction business, they weren’t lending based on what he told them. What they were lending on — these were construction draws. He told them I want to build a house, they said here’s $10, you come back when you bought $10 worth of nails, we want to see the receipt.... (J.A. at 107-08.) We reject this interpretation for three reasons.
First, Strassini’s attorney made this statement in a request for leniency to show the district court that Strassini was not a regular criminal who went "into [a] bank and said give me $20,000,[] put the $20,000 in his pocket[,] and left town.” (J.A. at 108.) In context, Strassini’s attorney is simply alleging that the financial institutions also required that Strassini constantly prove that he was using the money for construction and that Strassini always provided that proof. A claim that the financial institution also requires proof of proper use of its money for a loan does not indicate that it did not care about or require other evidence of loan worthiness, such as financial ability to repay the loan. To claim otherwise is ridiculous and simply not credible.
Second, Strassini’s false statements were clearly material because they "have a natural tendency to influence, or [are] capable of influencing, the decision of the decisionmaking body to which it was addressed.” Gaudin, 515 U.S. 506, 519, 115 S.Ct. 2310 (1995) (internal quotation marks omitted); see also Neder, 527 U.S. at 22 n. 5 (holding that materiality is what "the maker of the representation knows or has reason to know that its recipient regards or is likely to regard ... as important” (emphasis added)). Thus, the proffered information only must have "the natural tendency to influence” a decisionmak *556 er's decision, and proof that the banks actually relied on Strassini’s submitted information is not necessarily required. Cf. Neder, 527 U.S. at 24-25.
Finally, one potentially ambiguous statement by counsel cannot undercut the overwhelming evidence and personal testimony by Strassini that he made false misrepresentations to support his loan applications and that the banks lent him money based on those false representations. Strassini has never denied making these false representations and has never stated that he would have claimed otherwise at trial.