**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4825

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY AUGUSTUS LANE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:06-cr-00992-GRA)

Submitted:  April 17, 2008          Decided:  April 21, 2008

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Augustus Lane appeals his conviction by a jury of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). On appeal, Lane asserts that the evidence was insufficient to support the jury's verdict. We affirm.

We review de novo the district court's denial of Lane's motion for judgment of acquittal based on insufficient evidence. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). The verdict must be sustained if there is substantial evidence to support it, taking the view most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved contradictions in testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), overruled on other grounds as recognized in United States v. Strassini, 59 Fed. Appx. 550, 552 (4th Cir. 2003).

With these standards in mind, we have reviewed the record and conclude that the evidence was sufficient. Lane does not dispute that the robber was driving his vehicle. In addition, one witness positively identified Lane, and another testified that Lane

- 2 -

confessed to him.  While Lane challenges the credibility of these witnesses, credibility determinations are jury functions, and absent extraordinary circumstances not present here, we will not disturb them.  See Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir. 1995).

Accordingly, we affirm Lane's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED