**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4726

KOVA DUAN WRIGHT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-5-V)

Submitted: January 14, 2004

Decided: February 24, 2004

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Thomas A. Will, Jr., THE LAW OFFICES OF THOMAS A. WILL, JR., Gastonia, North Carolina, for Appellant. Robert J. Conrad, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

## OPINION

PER CURIAM:

Kova Duan Wright pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute five hundred grams or more of cocaine base, 21 U.S.C. § 846 (2000), in violation of 21 U.S.C. § 841(a)(1) (2000). In an appeal filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Wright's counsel raises two issues, but states that, in his view, there are no meritorious grounds for appeal.[1] Wright's counsel asserts Wright's guilty plea was involuntary and unknowing because he was not informed of the statutory mandatory minimum sentence of life when he entered his guilty plea before the magistrate judge, and the district court abused its discretion by denying Wright's motion to withdraw his guilty plea. We agree with Wright that his plea was unknowing and involuntary, thus we vacate the plea. Accordingly, we vacate his conviction and remand for further proceedings.

Wright was indicted for conspiracy to possess with intent to distribute more than 500 grams of cocaine base. The Government filed an information pursuant to 21 U.S.C. § 851 (2000) prior to the entry of Wright's guilty plea. Wright's plea of guilty to involvement with more than five hundred grams of cocaine base, coupled with two prior convictions for drug felonies, subjected him to a mandatory term of life imprisonment without release. 21 U.S.C. § 841(b)(1)(a)(iii) (2000).

The adequacy of a guilty plea proceeding is reviewed de novo. *See United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999). It is not evident from the record that Wright knew he was subject to a mandatory minimum sentence of life imprisonment when he entered

---

[1]Wright was advised of his right to file a pro se supplemental brief, but did not do so.

his guilty plea. *See United States v. Goins*, 51 F.3d 400, 403 (4th Cir. 1995) (holding that trial court's failure to correctly inform defendant of mandatory minimum sentence was reversible error). At the Rule 11 hearing, the magistrate judge and the Government noted that Wright could receive a life sentence; but neither conclusively stated that Wright's term of imprisonment was a mandatory minimum of life. The magistrate judge stated that Wright's sentence would be determined by the quantity of drugs attributed to Wright in the presentence report and other factors. Likewise, the plea agreement noted a statutory sentence of mandatory minimum and maximum life, but then set forth provisions describing adjustments to the sentencing guidelines for acceptance of responsibility, and stated that the court had not yet determined the sentence and it was within the court's discretion to impose any sentence up to the statutory maximum. Wright's counsel assured him he would get a departure for acceptance of responsibility and, if he cooperated with the Government, he would get a departure that would result in a sentence between twelve and fifteen years. We find that Wright was not adequately informed at the Rule 11 hearing that he was subject to a statutory mandatory minimum sentence of life, and the record does not support a finding that he was aware from the plea agreement or counsel's advice that he was facing a mandatory minimum sentence.

Because Wright's plea was not knowing and voluntary, we vacate his conviction.[2] We remand to the district court, so that Wright may have an opportunity to replead, or he may choose to proceed to trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2]In light of this conclusion, we need not address Wright's arguments that the district court abused its discretion in denying his motion to withdraw the guilty plea.