**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4399**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MARVIN FITZGERALD WALKER,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., Chief
District Judge.  (CR-02-684)

---

Submitted:  November 22, 2005      Decided:  December 20, 2005

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Leesa Washington, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marvin F. Walker appeals his conviction and sentence for one count of robbery, in violation of 18 U.S.C. § 1951(a) (2000), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). Walker's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lack merit, counsel asserts that the district court erred in failing to inform Walker of his right to plead not guilty in compliance with the requirements of Fed. R. Crim. P. 11. Walker filed a pro se supplemental brief alleging that his plea was not valid because he was mentally incompetent and his sentence was improperly enhanced based on a criminal history that was not alleged in the indictment or proved beyond a reasonable doubt. Finding no reversible error, we affirm.

Because these claims are raised for the first time on appeal, they are subject to review for plain error only. See United States v. Hughes, 401 F.3d 540, 54 (4th Cir. 2005). As set forth in United States v. Olano, the plain error mandate is satisfied if: (1) there was error; (2) it was plain; and (3) it affected the defendant's substantial rights. 507 U.S. 725, 732 (1993). If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects

the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted). We find no evidence that Walker's substantial rights were violated.

First, Walker had knowledge of his right to plead not guilty from his earlier plea. He further affirmed that his attorney had explained all of his rights to him and expressed satisfaction with counsel's representation.

Next, we find no evidence that Walker was incompetent to plead guilty. He had received medical treatment and the hospital reported that he was competent. Further, Walker's counsel stipulated without reservation that Walker was competent to plead and even had him evaluated independently prior to the plea proceeding. Finally, the court discussed Walker's mental status with Walker at length and concluded without reservation that Walker was competent to plead guilty.

Further, we note that to demonstrate that his substantial rights were affected, Walker must show that he would not have pled guilty had he received more information. See United States v. Goins, 51 F.3d 433, 402 (4th Cir. 1999). Walker fails to do so, particularly considering that he was facing a statutory minimum of 180 months' imprisonment and a maximum sentence of life in prison and through his plea agreement received the minimum sentence.

Finally, pursuant to United States v. Almendarez- Torres, 523 U.S. 224 (1998), (finding that a defendant's sentence may still be enhanced based upon a prior conviction even if the prior conviction is not found by a jury or admitted by the defendant), we find no merit in Walker's claims that his sentence was improperly enhanced based on his criminal history. We therefore conclude that there is no evidence Walker would not have plead guilty but for the alleged errors.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Walker's conviction and sentence. We deny Walker's motion to have counsel relieved. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED