**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Russell GOINS, Defendant–**
**Appellant.**

No. 94–5261.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1995.

Decided April 5, 1995.

**ARGUED:** Martin Gregory Bahl, Staff Atty., Baltimore, MD, for appellant. Steven Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender and Beth M. Farber, Asst. Federal Public Defender, Baltimore, MD, for appellant. Robert P. Crouch, Jr., U.S. Atty., Abingdon, VA, for appellee.

Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

Vacated and remanded by published opinion. Chief Judge ERVIN wrote the opinion, in which Judge MURNAGHAN and Senior Judge PHILLIPS joined.

## OPINION

ERVIN, Chief Judge:

On December 6, 1993, Terry Goins pled guilty to distributing five grams of crack cocaine under 21 U.S.C. § 841(a)(1), pursuant to a written plea agreement. He was sentenced on March 16, 1994 to five years imprisonment, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii). On appeal, Goins argues that the district court's failure to inform him of the mandatory minimum sentence during the plea colloquy required by Federal Rule of Criminal Procedure 11(c)(1) constituted a substantial violation of his rights, resulting in reversible error. We agree, and for the reasons stated below, vacate the plea and remand for further proceedings consistent with this opinion.

### I.

During Goins' plea proceeding on December 6, 1993, neither the judge, prosecutor, nor defense attorney mentioned the mandatory minimum sentence. The mandatory minimum sentence was also not mentioned in either the plea agreement or the indictment. On March 16, 1994, during the sentencing hearing, Goins' counsel recommended that the court sentence Goins "within the guideline range of 33–41 months." It was the government's position, however, that "the guideline range is 60 months because that's the statutory minimum, and we would ask that he be sentenced to 60 months in jail."

The government's reference to the mandatory minimum sentence at the sentencing hearing is the only oral reference to the mandatory minimum prior to the court's imposition of the sentence. The only document mentioning the mandatory minimum sentence of five years was the presentence report, prepared February 22, 1994, almost three months after the plea had been accepted. Despite conceding that the judge failed to inform Goins of the statutory mandatory minimum, the government argues that the error was harmless.

## II.

We generally review *de novo* the adequacy of a guilty plea. *United States v. Good*, 25 F.3d 218, 219 (4th Cir.1994), but in the Rule 11 context, violations are evaluated under a harmless error standard. *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir.1991), *cert. denied*, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). Specifically, a court may vacate a conviction made pursuant to a plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." *DeFusco*, 949 F.2d at 117; Fed. Rule Crim. P. 11(h) and Advisory Committee's Note to 1983 Amendment. The court must determine "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir.1993) (en banc). *See also DeFusco*, 949 F.2d at 116 ("In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant").

Although the Fourth Circuit has addressed violations of Rule 11(c)(1), it never has addressed specifically a court's failure to inform the defendant of the statutorily-defined mandatory minimum sentence. In *United States v. Good*, 25 F.3d 218, 221 (4th Cir.1994) (following *United States v. Williams*, 977 F.2d 866, 871 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1342, 122 L.Ed.2d 725 (1993), and *DeFusco*, 949 F.2d at 119, (4th Cir.1991)), we held that Rule 11(c)(1) does not require a district court to advise the defendant about the applicable guideline range before accepting a guilty plea. We emphasized, however, that Rule 11(c)(1) does require that the court "clearly advise a defendant of the statutory maximum and mandatory minimum." *Good*, 25 F.3d at 223. Although *DeFusco* did not address a district court's failure to inform the defendant of the mandatory minimum sentence, the case provides insight into how this court has dealt with Rule 11 violations. In *DeFusco*, the defendant argued that the trial court violated Rule 11 by failing to explain the nature of the charges against him and the elements of each offense. 949 F.2d at 117. On appeal, we noted that the defendant had read both the information and the plea agreement, had reviewed both documents and the elements of each offense with his attorney, and had discussed potential defenses with counsel. *Id.* Under these circumstances, we found that the trial court did not abuse its discretion in "relying on DeFusco's review of the plea agreement and criminal information with his attorney, and his verbal statements in open court that he understood the nature of the charges against him." *Id.*

Other circuits that have specifically addressed violations of Rule 11's mandatory minimum requirement have likewise found harmless error in those cases in which the defendant knew of the mandatory minimum, despite the court's failure to mention it during the Rule 11 colloquy. *United States v. Johnson*, 1 F.3d 296, (5th Cir.1993) (en banc); *United States v. Young*, 927 F.2d 1060, 1062 (8th Cir.1991), *cert. denied*, 502 U.S. 943, 112 S.Ct. 384, 116 L.Ed.2d 334 (1991). In reviewing the defendant's plea, the courts have focused upon three main elements. The court must first ascertain what the defendant actually knows when he pleads guilty on the basis of an affirmative indication in the record. Second, the court must decide what information would have been added to the defendant's knowledge by compliance with Rule 11. Finally, the court must determine how the additional or corrected information would have likely affected the defendant's decision. *United States v. Padilla*, 23 F.3d 1220, 1222 (7th Cir.1994); *United States v. Johnson*, 1 F.3d at 302. If a review of the record indicates that the oversight "influenced the defendant's decision to plead

guilty" and "impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility," then substantial rights were violated. *Padilla,* 23 F.3d at 1221. In the Fifth Circuit's *United States v. Johnson* decision, although the district court had failed to advise the defendant of the one-year mandatory minimum sentence, the circuit court held that the Rule 11 failure could not have affected the defendant's decision to plead guilty, since the defendant was aware that the guideline range subjected him to a sentence between 262 to 327 months. 1 F.3d at 299, 303–304. Similarly, in *United States v. Young,* the defendant argued that the court violated his substantial rights by failing to inform him of the statutory minimum sentence. 927 F.2d at 1062. The Eighth Circuit disagreed, finding it clear from the record that the defendant "was actually aware of the statutory maximum and minimum sentences, regardless of the district court's failure to personally advise him of them." *Id.* at 1062. The court noted that the defendant had the indictment in front of him, which set out the statutory minimum and maximum. The district court had also asked the defendant whether he had read, understood, and discussed with counsel the plea agreement which specified a minimum sentence of ten years, and the defendant responded affirmatively. Additionally, the prosecutor asked the defendant whether he understood that the judge must sentence him to at least ten years, and the defendant again responded in the affirmative. *Young,* 927 F.2d at 1062. Because the Eighth Circuit ruled that Young actually knew of the statutory minimum sentence, the error, if any, was harmless. *Id.* at 1063.

In contrast to *Young* and *Johnson* in which the Rule 11 violations were found to be harmless based on the defendants' knowledge, a violation can not be considered harmless if the defendant had no knowledge of the mandatory minimum at the time of the plea. In *United States v. Hourihan,* 936 F.2d 508, 510 n. 3 (11th Cir.1991), the Eleventh Circuit found that the district court's failure to inform the defendant of the mandatory minimum was reversible error. The court noted that the defendant had not been directed to the relevant portion of the indictment ad-

dressing the sentence and that the plea agreement contemplated a guideline sentence lower than the five-year mandatory minimum. The court also observed that the defendant had not been advised of the mandatory minimum until she received the Presentence Investigation Report, after the plea hearing. The court stated: "[I]t is apparent from the plea agreement that Hourihan, her attorney, and the government's attorney contemplated a sentence considerably below five years." *Id.* at 511. In the absence of any evidence that the defendant was aware of the mandatory sentence, the court found that the Rule 11 error was not harmless. *Id.* Likewise, in *United States v. Watch,* 7 F.3d 422, 429 (5th Cir.1993), the Fifth Circuit found that the district court clearly erred when it failed to advise the defendant of the statutory mandatory minimum, because the error "misled Watch as to the statutory minimum term of imprisonment to which he subjected himself by pleading guilty." Finding that Watch did not fully understand the consequences of his plea and that his rights were substantially violated, the court vacated the conviction and remanded the case, allowing the defendant an opportunity to replead. *Id.*

Most recently, in *United States v. Padilla,* 23 F.3d 1220 (7th Cir.1994), the Seventh Circuit went so far as to endorse a presumption that a Rule 11 failure affects the defendant's decision to plea. *Padilla* involved a prosecution under 21 U.S.C. § 841, and the plea agreement did not mention the mandatory minimum sentence, nor did the district court inform the defendant about the mandatory minimum. *Id.* at 1222. Finding reversible error, the court stated that "ignorance about the necessity ... of serving many years in prison strikes us as an informational lack so serious that unless strong indications to the contrary are apparent from the record a court should presume it influenced a defendant's decision to plead guilty." *Id.* at 1222. The court suggested that failure to inform a defendant of a mandatory five or ten year sentence could not be "deemed inconsequential" if the defendant had no knowledge at all that such a sentence was mandatory. *Id.* at 1223. We emphasize, however, that we do not adopt the Seventh Circuit's presumption

because the facts of this case do not require such a presumption, nor is such a presumption necessary to address violations of Rule 11 in this case.

■ Nevertheless, we note that as in *Padilla,* there is no evidence in the record that Goins was aware that he was facing a mandatory minimum sentence of five years before his plea on December 6, 1994. The record indicates that neither the plea agreement nor the indictment mentioned the mandatory five year sentence. Additionally, neither the judge, prosecutor, nor defense attorney mentioned the mandatory minimum at the plea proceeding. Furthermore, the record suggests that Goins' counsel was not aware of the statutory mandatory minimum sentence. Even after Goins' counsel received the presentence report which mentioned the mandatory minimum sentence, he nevertheless requested that the court sentence the defendant "within the guideline range of 33 to 41 months." The government responded by stating that "the guideline range is 60 months because that's the statutory minimum" and then requested that Goins be sentenced to 60 months in jail. On March 23, 1994, seven days after Goins was sentenced, he filed a Notice of Appeal and a Motion to Set Aside Plea Agreement. He stated that the court sentenced him under "a Statutory provision which the Defendant did not have any knowledge of whatsoever." He also stated he was not informed that the guidelines did not apply to his case.

The only document in this case which mentioned the mandatory minimum sentence of five years was the presentence report, prepared February 22, 1994, at least two months after the plea had been accepted. Violations of Rule 11, however, cannot be cured by the presentence report. *United States v. Bounds,* 943 F.2d 541, 546 n. 4 (5th Cir.1991), *cert. denied,* —— U.S. ——, 114 S.Ct. 135,.126 L.Ed.2d 99 (1993). In *Bounds,* the defendant argued that the judge's failure to mention the possibility of supervised release during the Rule 11 colloquy violated his substantial rights. The government responded by arguing that the error was harmless, relying on the presentence report which mentioned supervised release. *Id.* The court rejected

this argument, stating that "a written presentence report is not an adequate substitute for the advice clearly required by Rule 11." *Id. See also Padilla,* 23 F.3d at 1222 n. 2 (stating that a presentence report, received after a plea, does not "abate the concern that such information was not provided to [the defendant] at the crucial time—during the plea hearing"); *Hourihan,* 936 F.2d at 510, 511 n. 3 (holding that a Rule 11 violation is not harmless where defendant became aware of the mandatory minimum sentence only when she received the presentence report).

In this case, the government suggests that the complexity of § 841 and the role of drug amounts·in sentencing prevented the district court from informing Goins of a mandatory minimum sentence with any certainty, and that the court could only accurately inform Goins of the permissible maximum penalty of life in prison. The government's claim that enumerating all possible minimum sentences would be onerous is an argument that has already been rejected by both the Fifth and Seventh Circuits. *United States v. Padilla,* 23 F.3d 1220 (7th Cir.1994); *United States v. Herndon,* 7 F.3d 55 (5th Cir.1993); *United States v. Watch,* 7 F.3d 422 (5th Cir.1993). Though recognizing that information about maximum and minimum sentences is speculative during the plea hearing, the court in *Padilla,* nevertheless, emphasized that unless the defendant was aware of the mandatory penal consequences flowing from the drug quantity under § 841, knowledge of the amount of drugs alone could not constitute harmless error. *Id.* at 23 F.3d at 1223 n. 4.

In *Padilla,* the Seventh Circuit adopted the Fifth Circuit's approach suggested in *United States v. Herndon,* 7 F.3d 55 (5th Cir.1993), and *Watch,* 7 F.3d 422, with slight modifications. In *Herndon,* the court stated that it was "incumbent on the prosecution ... to request the trial judge to advise the defendant as to all of the possible minimum and maximums of punishment under § 841(b) which could possibly be applicable as a result of appropriate determination of [drug] quantities." 7 F.3d at 58. Likewise, in *Watch,* the court stated: "a prudent district judge ... should simply walk a defendant through the statutory minimum sentences prescribed

in § 841(b) explaining that a mandatory minimum may be applicable and that the sentence will be based on the quantity of drugs." 7 F.3d at 429. In *Padilla,* noting that it was neither "costly in time or effort," the Seventh Circuit recommended that the court "enumerate during the plea colloquy the several mandatory penalties potentially applicable when attributable drug quantities are uncertain." 23 F.3d at 1224.

In this case, Goins specifically pled guilty to distributing five grams of cocaine. Thus, contrary to the government's argument, the district court was not faced with the possibility of having to inform the defendant of speculative sentences based on drug amounts determined in the presentence report. It was clear under the statutory scheme of § 841 that Goins was subject to a mandatory minimum sentence of five years, corresponding to his plea of distributing five grams of cocaine. The district court did not inform Goins that he faced a mandatory minimum sentence and that such a sentence would be based on the amount of cocaine distributed. There is no evidence in the record that Goins was aware that he was subjecting himself to a mandatory five year sentence by pleading guilty. We therefore hold that the trial court's failure to inform the defendant during the Rule 11 hearing that a guilty plea would result in a mandatory minimum sentence of five years constituted reversible error. The defendant's sentence must be vacated and remanded, so that Goins may have an opportunity to replead. *Herndon,* 7 F.3d at 59; *Watch,* 7 F.3d at 429.

*VACATED AND REMANDED.*