67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Larry MILLER, a/k/a Larry, Defendant-Appellant.
 No. 94-5817.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1995.
Decided Sept. 21, 1995.
 
 James Y. Becker, Jim O. Stuckey, Nelson, Mullins, Riley & Scarborough, Columbia, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before WIDENER, WILKINS and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In separate plea proceedings, John Larry Miller pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. Sec. 841(a) (1988), 21 U.S.C.A. Secs. 841(b)(1)(B), 846 (West Supp.1995), and knowingly using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1995), and 18 U.S.C. Sec. 2 (1988). Miller challenges the plea to the firearms charge. He alleges that, although the district court informed him that the offense carried a mandatory term, other statements by the prosecutor and the court led him to believe that the district court had discretion to enter a lesser sentence. We reject his claim, and affirm.
 
 
 2
 Pursuant to the requirements of Fed.R.Crim.P. 11(c)(1), the district court carefully explained to Miller the mandatory five-year term of Sec. 924(c), that this sentence must run consecutive to any other imposed, and that the sentencing guidelines do not apply. Miller stated several times during the colloquy that he understood the sentence was a mandatory five-year term, and that it would be consecutive to his other sentences. Subsequent references were made to the sentencing guidelines. However, the guidelines were applicable to sentencing on the remaining count.
 
 
 3
 Miller attempts to liken his case to United States v. Goins, 51 F.3d 400, 402 (4th Cir.1995), where we held that the district court's failure to inform the defendant of a mandatory minimum sentence during the Rule 11 proceeding was reversible error. In Goins, however, there was no oral mention during the Rule 11 proceeding by the judge, prosecutor, or defense attorney of the mandatory minimum, nor was it mentioned in the plea agreement or indictment. Here, the district court clearly explained the sentence and defense counsel affirmed that he had discussed with Miller the implications of the mandatory term "on more than one occasion." Miller stated that he understood the district court's explanation. We therefore conclude that there has been no violation of Rule 11.
 
 
 4
 Accordingly, we affirm Miller's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.