**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4479

JOSE GUILLERMO MENDOZA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-98-42-A)

Submitted: January 26, 1999

Decided: February 23, 1999

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Hyde, IV, FELT, EVANS, PANZONE, BOBROW &
HALLAK, L.L.P., Utica, N.Y.; David Joseph Kiyonaga,
KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant.
Helen P. Fahey, United States Attorney, Kathleen M. Kahoe, Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a bench trial, Jose Mendoza was convicted of one count of possession of a firearm by a person previously convicted of a crime involving domestic violence in violation of 18 U.S.C. § 922(g)(9) (1994). On appeal, Mendoza alleges that the district court erred by excluding the testimony of his expert witness; that there was no evidence that he knew that the firearm in question had previously traveled in interstate commerce; that he did not knowingly waive his right to a jury trial when he was tried and convicted on the underlying misdemeanor convictions for domestic violence; and that the district court should have reduced his offense level pursuant to USSG § 2K2.1(b)(2)[1] because he possessed the firearm for sporting purposes. Finding no reversible error, we affirm.

In October 1996 and May 1997, Mendoza was convicted of misdemeanors involving domestic violence following bench trials.[2] Mendoza only appealed the second conviction, but he waived his right to a jury trial on appeal and again pleaded guilty. In July 1997, following another incident of domestic violence, Mendoza was arrested by police officers in Fairfax County, Virginia, and was found in possession of a handgun.

We review the district court's decision to exclude Mendoza's expert witness for an abuse of discretion and find none. See United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993) (court's ruling will only be overturned if it was arbitrary or irrational). The witness, an expert economist, was expected to testify that Mendoza's wholly

_____

**1** **U.S. Sentencing Guidelines Manual** (1997).
**2** Under Virginia law, such offenses are tried before a judge alone; there is no right to a jury trial. On appeal to the circuit court, a defendant may request a de novo trial by jury.

intrastate purchase and possession of the firearm had no effect on the market for handguns in the United States or interstate commerce. We find that the district court properly found that this testimony was irrelevant. It is well-settled that the Government need only show that the firearm previously traveled in interstate commerce to satisfactorily prove a nexus with interstate commerce. See Scarborough v. United States, 431 U.S. 563, 575 (1977); United States v. Cobb, 144 F.3d 319, 321 (4th Cir. 1998). In the present case, it was undisputed that the firearm was manufactured in Massachusetts. As a result, it was clear that the firearm traveled in interstate commerce, and the Government met its burden of proof on this element of the offense; additional evidence on the practical effect of an individual purchase was unnecessary.[3]

We reject Mendoza's contention that 18 U.S.C. § 924(a)(2) (1994) required the Government to prove that he knew that his possession of the firearm was illegal and that he knew the weapon had traveled in interstate commerce.[4] We have previously held that the term "knowingly" in § 924(a)(2) requires only that a defendant knew he possessed a firearm; not that he knew his possession was illegal or knew where the weapon was manufactured. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995).[5] Following the framework set forth

_____

[3] We further find that Mendoza's reliance on United States v. Lopez, 514 U.S. 549 (1995), is misplaced. We rejected a similar challenge to § 922(g) in United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996), finding that, unlike the statute attacked in Lopez , § 922(g) contains the required jurisdictional element.

[4] Section 924(a)(2) states that"[w]hoever knowingly violates . . . [§ 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both."

[5] Mendoza attempts to distinguish Langley by asserting that it only applies to violations of § 922(g)(1), which prohibits possession of firearms by convicted felons. Specifically, Mendoza argues that convicted felons may be on notice that they cannot possess firearms, but he was convicted of misdemeanors and, therefore, had no such notice. We disagree. First, § 924(a)(2) applies to all of§ 922(g), not just subsection (g)(1). Second, we find that a person convicted of a crime of violence is on reasonable notice that the government would regulate the means by which he could commit future acts of violence.

in <u>Langley</u>, the Government only had to prove that Mendoza knowingly possessed the firearm, that the firearm traveled in interstate commerce, and that Mendoza had previously been convicted of a crime involving domestic violence. Here, Mendoza admitted that the firearm belonged to him, which established knowing possession, and, as discussed above, the record clearly shows that the firearm traveled in interstate commerce and that Mendoza was convicted on two occasions for crimes involving domestic violence. Accepting Mendoza's position would risk "enshrining ignorance of the law as a defense," and we decline to follow such a path. <u>See United States v. Forbes</u>, 64 F.3d 928, 933 (4th Cir. 1995).

We are not persuaded by Mendoza's assertion that the evidence was insufficient to show that he was previously convicted of a misdemeanor crime involving domestic violence. Mendoza relies on 18 U.S.C.A. § 921(a)(33)(B)(I)(II)(bb) (West Supp. 1998), which states that a person will not be considered to have been convicted of such an offense if, in the case of an offense for which the person was "entitled to a jury," the defendant "knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise." Mendoza claims that his failure to appeal his first conviction and his waiver of a jury trial and plea of guilty following his second conviction were not knowing and intelligent because neither he nor his counsel were aware of the existence of § 922(g)(9).[6]

The district court decided this issue against Mendoza on the ground that he was not "entitled to a jury" in the first instance under Virginia law because offenses involving domestic violence are initially tried before a judge alone; only on appeal is a defendant entitled to a de novo trial by jury. We decline to address this aspect of the issue because even if Mendoza was "entitled to a jury" for purposes of the statute, he failed to show that his waiver of a jury trial in state court was not knowing or intelligent. We find the Seventh Circuit's reasoning in <u>United States v. Long</u>, 852 F.2d 975 (7th Cir. 1988), persuasive on this issue. The defendant in <u>Long</u> made certain statements as part of his state plea agreement which were later used against him in a fed-

_____

[6] As a threshold matter, we note that it is quite possible that counsel was not aware of the statute, since it was enacted only two weeks prior to Mendoza's first trial.

4

eral firearms prosecution. The Seventh Circuit held that a guilty plea in a state court is not rendered unknowing or unintelligent for federal purposes simply because the defendant did not fully assess all of the consequences of his plea, including the possibility of later federal prosecution. See Long, 852 F.2d at 978-80. Moreover, as in Long, the Government here did not participate at all in Mendoza's state prosecution. As a result, we find that Mendoza may not now assert a collateral attack on his state proceedings.[7]

Finally, we review the district court's refusal to grant a downward adjustment for clear error and find none. See United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996). Although Mendoza presented evidence that shortly after his purchase of the firearm in 1995 he fired it at a range, he admitted to police and at trial that he eventually lost interest in firing the weapon at the range and kept it for personal protection. By its terms, the adjustment in USSG § 2K2.1(b)(2) applies only if the defendant possessed the firearm in question solely for sporting purposes. Since Mendoza admitted that, at the time of his arrest, he possessed the weapon primarily for personal protection, the district court properly found that he was not entitled to the adjustment.

Accordingly, we affirm Mendoza's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[7] We find Mendoza's reliance on United States v. Goins, 51 F.3d 400 (4th Cir. 1995), misplaced. The defendant in Goins sought to attack his guilty plea as unknowing and unintelligent in the federal conviction he was appealing; not in a prior state conviction.

5