UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4405

DANIEL PEREZ-PEREZ, a/k/a Daniel
Perez, a/k/a Pancho Sanchez, a/k/a
Fernando Wood-Bustamante,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-98-44-H)

Submitted: April 28, 2000

Decided: June 2, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Felice McConnell Corpen-
ing, Assistant United States Attorney, William Boyer, Third-Year
Law Student, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Perez-Perez ("Perez") pled guilty, without a written plea agreement, to illegally reentering the United States after he was deported because he had been convicted of an aggravated felony, in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). On appeal, Perez challenges the voluntariness of his plea. Finding no reversible error, we affirm.

During the hearing conducted pursuant to Fed. R. Crim. P. 11, Perez informed the district court that he was dissatisfied with the representation provided by the Assistant Federal Public Defender ("AFPD") appointed by the court. The district court did not ask any questions to determine why Perez was dissatisfied. Rather, the court explained Perez' right to counsel and informed him that the court would not appoint another attorney because the AFPD appointed to represent him was competent and experienced in criminal matters. Perez declined the court's invitation to consider his alternatives and proceeded with the plea hearing and at sentencing represented by the AFPD. At the conclusion of the Rule 11 colloquy, the court found that Perez was competent to enter a plea, that the plea was knowing and voluntary, and that the plea was supported by a sufficient factual basis.

On appeal, Perez asserts that the district court's failure to inquire as to the reasons he was dissatisfied with the AFPD affected the voluntariness of his plea. After de novo review, see United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (stating standard of review), we find that the plea was knowingly and voluntarily entered. Although Perez relies on our decision in United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999) (holding that, when a defendant states during a plea hearing that he is under the influence of medication, the district court has a duty to inquire further to determine whether the defendant is competent to enter the plea), his reliance is misplaced.

2

We therefore affirm Perez' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3