UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        v.

JOHN ALBERT WILKERSON, JR., a/k/a
Mutt,
        *Defendant-Appellant.*

No. 00-4668

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-9)

Submitted: August 28, 2001

Decided: September 17, 2001

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nash E. Long, III, HUNTON & WILLIAMS, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John Albert Wilkerson, Jr., pled guilty to one count of conspiracy to possess with intent to distribute cocaine base. After the district court considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the court sentenced Wilkerson to 240 months' imprisonment. Finding no reversible error, we affirm.

Wilkerson asserts his guilty plea is invalid because he was not informed that the amount of drugs is an element of the offense. As support for his claim, he relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Wilkerson did not receive a sentence in excess of the statutory maximum set forth in 21 U.S.C.A. § 841(b)(1)(C) (West 1999) (providing for twenty-year maximum term of imprisonment without regard to drug quantity), his claim fails. Furthermore, we find any error harmless because Wilkerson was aware of the effect of *Apprendi* on his conviction and did not move to withdraw his guilty plea at sentencing. *United States v. Goins*, 51 F.3d 400, 402-03 (4th Cir. 1995).

Wilkerson's claim that his counsel was ineffective for failing to move for a new Rule 11 inquiry or to withdraw the guilty plea is not reviewable. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) proceeding. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the trial record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. Because the record does not conclusively establish ineffective assistance of counsel, we find this claim is not reviewable.

Finally, we find no error in the district court's finding that Wilkerson was a leader or organizer of a conspiracy involving five or more persons. Because the finding did not increase Wilkerson's sentence beyond the statutory maximum under 21 U.S.C.A. § 841(b)(1)(C) (West 1999), there was no *Apprendi* error. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*