**UNPUPLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5107**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL WAYNE CAMDEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge. (CR-03-168)

---

Submitted:  February 17, 2006          Decided:  March 9, 2006

---

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Terry N. Grimes, TERRY N. GRIMES, P.C., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Wayne Camden pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The plea agreement included the following provision, entitled "Career Offender Status:" "I understand, and am on notice, that regardless of any action by the government, that because of my prior criminal record I will, for sentencing purposes, most likely be treated as an "Armed Career Criminal" under Guideline Section 4B1.4 and Title 18 United States Code Section 924(e), that is, I have been previously convicted of at least three (3) felony drug offenses or crimes of violence." Based on a total offense level of 30 and criminal history category VI, the presentence report concluded that Camden's guideline range was 168 to 210 months in prison. U.S. Sentencing Guidelines Manual Ch. 5, Pt. A (sentencing table). However, because the statutory minimum sentence was fifteen years under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2004), which was greater than the low end of the guideline range, the presentence report recommended the statutory minimum sentence (180 months imprisonment) as the bottom of the guideline range. The court sentenced Camden to 185 months imprisonment. Camden has timely appealed.

Camden first claims that the district court erred in denying his motion to dismiss the indictment pursuant to the Speedy

Trial Act. Under the Speedy Trial Act, an indictment must be filed within thirty days from the date on which a defendant is arrested, 18 U.S.C. § 3161(b) (2000), and the trial must commence within seventy days of the filing date of the indictment or the date of a defendant's initial appearance, whichever is later. 18 U.S.C.A. § 3161(c)(1) (West 2000 & Supp. 2005). Certain delays are excludable when computing the time within which a defendant must be indicted or his trial must commence. 18 U.S.C. § 3161(h)(1)-(9) (2000). Camden concedes that he was arrested within thirty days of his indictment. He also concedes that the trial date fell within seventy days from the date of his initial appearance, excluding delays resulting from pretrial motions and continuances. Accordingly, he cannot establish a violation of the Speedy Trial Act. Because the delay between Camden's initial appearance and his trial date was less than six months, we also find no violation of his Sixth Amendment right to a speedy trial. See Doggett v. United States, 505 U.S. 647, 651-52 (1992); Barker v. Wingo, 407 U.S. 514, 530 (1972).

Camden next argues that the district court failed to comply with Fed. R. Crim. P. 11 because it did not specifically inform him of the statutory mandatory minimum sentence he faced. Because Camden did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing

is reviewed for plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights.  United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).  If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

Here, there was error, because the district court violated Rule 11(h) by failing to inform Camden at his guilty plea hearing that he faced a statutory minimum sentence of fifteen years imprisonment.  The error was plain because it was "clear" or "obvious."  Olano, 507 U.S. at 734 (stating that for purposes of plain error review, "'[p]lain is synonymous with 'clear' or, equivalently, 'obvious.'"").  However, we find that the error did not affect Camden's substantial rights.

An error is substantial if it was so prejudicial as to affect the outcome of the proceedings.  Id. at 734; Martinez, 277 F.3d at 532.  In the guilty plea context, to prove that an error is

- 4 -

substantial, the defendant must show that he would not have pled guilty but for that error. <u>Martinez</u>, 277 F.3d at 532. Camden does not allege that, but for the Rule 11 error, he would not have pled guilty. Moreover, the indictment placed Camden on notice of a potential enhanced penalty because he was charged under § 924(e) and the plea agreement specifically informed him that he would "most likely be treated as an 'Armed Career Criminal.'" <u>Cf.</u> <u>United States v. Goins</u>, 51 F.3d 400 (4th Cir. 1995) (holding that failure to inform defendant during plea hearing that guilty plea would result in mandatory minimum sentence constituted reversible error where defendant moved to withdraw his guilty plea and the mandatory minimum was not mentioned in either the indictment or the plea agreement). Accordingly, we find that the error did not affect Camden's substantial rights and therefore does not amount to plain error.

Camden also challenges his sentence as an armed career criminal. A person who violates § 922(g)(1) and has at least three prior convictions for violent felonies or serious drug offenses is an armed career criminal subject to enhanced penalties. 18 U.S.C.A. § 924(e)(1); USSG § 4B1.4. Camden was designated as an armed career criminal based on the following prior convictions: attempt to kill, malicious wounding (1984), escape by force or violence, malicious wounding (1987), breaking and entering, and distribution of an imitation controlled substance. We find that

all of these convictions qualified as predicate offenses for purposes of § 924(e).

Finally, Camden challenges his sentence as an armed career criminal under <u>United States v. Booker</u>, 543 U.S. 220 (2005). Camden's argument is foreclosed by <u>United States v. Thompson</u>, 421 F.3d 278 (4th Cir.), <u>pet. for cert. filed</u> (Oct. 25, 2005) (No. 05-7266), in which this court held that the use of prior offenses to invoke the statutory armed career criminal enhancement in § 924(e) is permissible without indictment presentment or jury submission so long as no facts extraneous to the facts necessary to support the enhancement need be decided to invoke the enhancement. 421 F.3d at 282-84. Here, because the facts necessary to support the application of the armed career criminal enhancement "inhere in the fact of conviction," there is no constitutional error under <u>Booker</u>.

We therefore affirm Camden's conviction and sentence. We grant Camden's motion to file a supplemental pro se brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>