**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4951**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON ANDRE JACKSON,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-9540)

_____

Submitted: August 29, 2007        Decided: September 13, 2007

_____

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL,
P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein,
United States Attorney, John F. Purcell, Jr., Bonnie S. Greenberg,
Assistant United States Attorneys, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Vernon Andre Jackson's conviction. United States v. Jackson, No. 03-4951 (4th Cir. Jan. 10, 2005) (unpublished). The Supreme Court vacated our decision and remanded Jackson's case to us for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

In Jackson's supplemental brief, filed at this court's direction after the Supreme Court's remand, he contends that he is entitled to resentencing in light of Booker because the district court considered the guidelines as mandatory and the district court has subsequently indicated that it would seriously consider a sentence less than the 108 months imposed if given an opportunity at a resentencing.

Jackson entered into a plea agreement and waived his right to appeal whatever sentence imposed, within the statutory limits and unless an upward departure was imposed. On remand from the Supreme Court, Jackson argues that the appellate waiver in the plea agreement should not bar consideration of his sentence because the district court did not state on the record available on appeal

- 2 -

that his guilty plea was voluntary.* Jackson does not argue that his guilty plea was in fact involuntary or unknowing.

Because Jackson did not seek to withdraw his guilty plea in the district court, any alleged Rule 11 error is reviewed by this court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Jackson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

Jackson asserts in his supplemental brief, although he did not do so in his initial appeal, that the district court erred because it did not make a determination that he entered into the plea agreement knowingly and voluntarily. Jackson contends that a review of the record indicates that the district court failed to find that his plea was voluntarily made as required by Fed. R. Crim. P. 11(b)(2). Under Rule 11(b)(2), "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats or promises (other than promises in the plea agreement)."

---

*The district court agreed at the Rule 11 hearing to withhold judgment until sentencing so that the defendant could continue on release status. The sentencing transcript is lost and was not available on appeal.

During the plea colloquy, the district court thoroughly questioned Jackson about his intention to plead guilty even though he was giving up numerous constitutional rights. We therefore conclude that the district court's omission on the available record did not affect Jackson's substantial rights. See United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights were affected in decision to plead guilty). Our review of the transcript of the plea hearing also reveals that the district court otherwise fully complied with the mandates of Rule 11. The court specifically asked Jackson if he wished to enter into the plea agreement with the conditional waiver. The district court ensured that Jackson's plea was knowing and voluntary and was supported by a sufficient factual basis. Further, Jackson does not contend that the district court did not make a finding that he entered into the plea agreement knowingly and voluntarily at the sentencing hearing. Jackson is therefore not entitled to relief on the Rule 11 claim and avoid the waiver.

Furthermore, in United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), this court held that "[w]here, as here, the United States seeks enforcement of an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the

waiver is valid and that the issue being appealed is within the scope of the waiver." Id. at 168 (citations omitted). The Blick court held that an appeal waiver that was accepted prior to the Supreme Court's decision in Booker is not invalidated by the change in law effected by that decision. Blick, 408 F.3d at 170, 173. Therefore the intervening change in law does not operate to invalidate the waiver.

Accordingly, we dismiss the appeal as to Jackson's sentencing claim on remand in light of Booker. In addition, we reinstate our January 10, 2005, opinion affirming his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART