UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5021

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LOUIS MCDADE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:04-cr-00252-F-ALL)

Argued: December 7, 2007          Decided: January 30, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and James P. JONES, Chief United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Joseph Lanny Ross, II, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney,

OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis McDade appeals from his conviction, which is based on a guilty plea, on one count of being a felon in possession of a firearm. McDade contends that the district erred by finding that his plea was entered knowingly and by refusing to reopen its determination that he was competent to stand trial. Finding no error, we affirm.

I.

In August 2004 a federal grand jury indicted McDade on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A year later, in August 2005, the grand jury issued a superceding indictment charging two drug offenses in addition to the original § 922(g)(1) offense.

McDade's counsel moved (successfully) for a hearing under 18 U.S.C. § 4241 to determine whether McDade was competent to stand trial. At the hearing the district court heard testimony from two expert witnesses. McDade's expert, Dr. Claudia Coleman, testified that McDade "function[ed] in the intellectual range of mild mental retardation," J.A. 129, and was not competent to stand trial. She based her opinion on an interview with McDade and the administration of several tests, including a comprehensive intelligence test known as the WAIS-III. The government's expert, Dr. Tanya Cunic, testified that McDade was competent to stand trial

3

and that he operated at an intellectual level that was below average but above the level of mental retardation. Her opinion was based on her interviews and observations of McDade at FCI-Butner, where he was being detained, as well as her administration of an intelligence test known as the TONI-II. Dr. Cunic administered this test because she believed the results of the WAIS-III might be negatively skewed, primarily because of McDade's poor verbal skills. After hearing the testimony, the district court found that McDade was competent to stand trial based on its determination that Dr. Cunic's opinion was more reliable and more persuasive than Dr. Coleman's.

McDade subsequently reached an agreement with the government to plead guilty to the § 922(g)(1) count while reserving the right to appeal on the question of his competency. McDade later moved for the district court to reopen the competency hearing, but the court refused. Before accepting the plea agreement, the district court held a hearing, as required by Rule 11 of the Federal Rules of Criminal Procedure, to determine whether McDade had entered the agreement knowingly and voluntarily. Although McDade had some obvious difficulties processing the information conveyed to him by the court during the Rule 11 hearing, the court ultimately determined that the plea was knowing and voluntary.

On appeal McDade raises two issues. First, he argues that the district court erred in finding that his plea agreement was entered knowingly. Second, he argues that the district court abused its discretion by denying his motion to reopen the competency determination.

II.

The first issue is whether the district court erred in finding that McDade's plea was entered knowingly. We review de novo the validity of a guilty plea. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). Nevertheless, we have observed that "findings [of fact] by a sentencing court in accepting a plea," such as the court's finding that a defendant entered his plea knowingly, "constitute a formidable barrier to attacking the plea." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (internal quotation marks omitted).

McDade has not made a sufficient showing to set aside the district court's finding that his plea was entered knowingly. McDade relies heavily on the court's purported failure to answer questions he raised during the hearing. Specifically, he points to an exchange in which the district court stated that, if the case went to trial, "the government would be required to prove [his guilt] by competent evidence and beyond a reasonable doubt," and McDade responded by stating that he "didn't understand that last

5

part." J.A. 251. Although McDade argues that the court failed to adequately answer his question, the record shows otherwise. The court responded by repeating the standard, listing the particular facts the government would need to prove, and allowing McDade to consult with his attorney. After this exchange, McDade stated that he understood and did not ask any follow-up questions.

McDade also argues that the transcript of the Rule 11 proceeding demonstrates that he did not understand the proceedings or the nature of the trial rights he was waiving by pleading guilty. We recognize -- as we must after reading the transcript -- that McDade did have significant difficulty processing the information the district court was required to convey during the hearing. But the district court handled the situation appropriately; it did not prod McDade to give affirmative answers, and it allowed McDade's counsel to assist in explaining the proceedings in a manner that McDade could understand.

Moreover, as the government points out, McDade's cognitive difficulties at the plea hearing were consistent with Dr. Cunic's testimony at the competency hearing. Dr. Cunic testified that McDade sometimes had difficulty understanding her questions. But when she slowed down, explained things in a simpler way, and allowed McDade to ask questions, his responsiveness and comprehension improved. Likewise, at the plea hearing, McDade had apparent difficulty understanding the proceedings, but his

6

understanding appeared to improve after he was allowed to ask questions and have his lawyer explain the information in simpler terms.

For these reasons, there is no basis to overturn the district court's finding that McDade entered his plea agreement knowingly and voluntarily.

III.

The second issue is whether the district court should have reopened the competency hearing to reconsider its prior determination that McDade was competent. McDade does not ask us to determine as a matter of fact that he is not competent. Instead, he contends that the district court erred by failing to reopen the issue and consider additional evidence. We review the district court's decision not to reopen the hearing for an abuse of discretion. See United States v. Banks, 482 F.3d 733, 742-43 (4th Cir. 2007).

As an initial matter, the government argues that McDade waived his right to appeal on this issue. The plea agreement expressly reserves McDade's "right to appeal the Court's determination that the Defendant is competent for purposes of 18 U.S.C. § 4241." J.A. 236. The government argues that this reservation applies only to the initial competency determination and not the subsequent denial of McDade's motion to reopen the

competency issue. We disagree. The district court's refusal to reopen the competency hearing was the final component of its consideration of whether McDade was competent to stand trial within the meaning of 18 U.S.C. § 4241. Therefore, we believe the plea agreement preserves McDade's right to argue on appeal that the district court erred by not reopening the competency hearing.

Nonetheless, McDade has not established that the district court abused its discretion by refusing to reopen its competency determination. McDade's argument rests primarily on an affidavit from a third expert, Dr. James Hilkey, which McDade submitted after the competency hearing. In that affidavit Dr. Hilkey opines that the TONI-II intelligence test is a "substandard measure of cognitive (intellectual) functioning" and that Dr. Cunic should have used the WAIS-III, "the best and most readily accepted standardized measure of adult intelligence." J.A. 210. McDade also argues that the district should have reopened the competency issue based on its observations of McDade's comprehension difficulties during the Rule 11 hearing.

These arguments lack merit. Dr. Hilkey's affidavit did not present any new evidence supporting the conclusion that McDade was incompetent. Instead, it simply challenged the methodology used by the government's expert. But the district court had already considered this precise issue about appropriate methodology at the initial hearing. Both experts explained the intelligence

8

tests they administered, and Dr. Cunic specifically articulated the reasons she chose to administer the TONI-II rather than the WAIS-III. After hearing this testimony, the district court found that Dr. Cunic's opinion was reliable and persuasive. Because Dr. Hilkey did not address or rebut the specific concerns that led Dr. Cunic to conclude that the TONI-II was the more appropriate test for McDade, his affidavit gave the district court no reason to question its prior determination. In addition, McDade's cognitive difficulties at the plea hearing were, as explained above, consistent with Dr. Cunic's testimony. In sum, the district court did not abuse its discretion by refusing to reopen the competency determination.

* * *

For the reasons stated above, the judgment of the district court is

AFFIRMED.