<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5145**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RAMIRO GOMEZ AGUILAR,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00018-RLV-CH-1)

Submitted: July 9, 2009         Decided: July 23, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leslie C. Rawls, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramiro Gomez Aguilar pled guilty pursuant to a plea agreement to one count of conspiracy to possess with the intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § § 841(b)(1)(A), 846 (2006). The district court sentenced Aguilar to 120 months' imprisonment, the minimum imprisonment term required by statute. Aguilar contends on appeal that, as a result of the magistrate judge's error at the Fed. R. Crim. P. 11 colloquy,[*] his guilty plea was not voluntary. We affirm.

Because Aguilar did not move in the district court to withdraw his guilty plea on the basis that the magistrate judge's error rendered his plea involuntary, his challenge is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). To establish plain error, Aguilar must show that: (1) an error was made; (2) the error is plain; and (3) the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Aguilar makes this showing, however, correction of the error lies within our discretion, which we will not exercise unless the error "seriously affects the fairness, integrity or public reputation

_____

[*] Aguilar expressly consented to plead guilty before the magistrate judge.

2

of judicial proceedings." Id. (internal quotation marks, citations, and alteration omitted).

Under Fed. R. Crim. P. 11(b)(1)(I), a district court is required, before accepting a defendant's guilty plea, to advise the defendant and ensure that he understands any applicable mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(I). To satisfy its obligation under the Rule, the court must "clearly advise" the defendant of the applicable minimum penalty. United States v. Good, 25 F.3d 218, 223 (4th Cir. 1994).

In this case, Aguilar was subject to a minimum term of ten years' imprisonment and a maximum term of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). At the Rule 11 colloquy, the magistrate judge advised Aguilar that the "maximum penalty for this offense is not less than ten years nor more than life imprisonment." Aguilar claims that the magistrate judge failed to discharge his obligation to clearly advise him of the applicable mandatory minimum penalty because this description of the applicable prison terms is confusing and inaccurate. Assuming without deciding that the magistrate judge's description of the applicable minimum penalty was error that was plain, Aguilar is not entitled to relief because the error did not impact his substantial rights. See United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995).

3

An error impacts a defendant's substantial rights if it is so prejudicial as to affect the outcome of the proceedings. See Martinez, 277 F.3d at 532. In the guilty plea context, a defendant meets this standard by showing that he would not have pled guilty but for the Rule 11 error. Id. After review of the record, we conclude that Aguilar fails to make this showing. Accordingly, we discern no plain error. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED