**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4878**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

TODD ALLEN SPENCER,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (4:10-cr-00021-RBS-FBS-1)

Submitted:  May 31, 2011           Decided:  June 14, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Allen Spencer appeals his conviction and sentence based on his guilty plea to one count of escaping from custody, in violation of 18 U.S.C. § 751(a) (2006). We affirm.

On appeal Spencer first contends that his plea was unknowing and involuntary because the district court made misrepresentations of law and fact at his plea hearing. Because Spencer withdrew his motion to withdraw his guilty plea in the district court and did not raise any objections during the Rule 11 plea colloquy, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that defendant must demonstrate he would not have pled guilty but for the error). Our review of the record indicates

2

that the district court did not err, much less plainly so, in accepting Spencer's plea.

Next Spencer contends that the district court erred in failing to adequately consider the statutory sentencing factors and to adequately state its reasons for the chosen sentence. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, the court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552

3

U.S. at 50) (internal footnote omitted). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. After reviewing the record, we conclude that Spencer's sentence was both procedurally and substantively reasonable.[*]

Lastly, Spencer claims that the district court failed to depart pursuant to U.S. Sentencing Guidelines Manual § 5K2.13 (2009) because it did not understand the extent of its authority to do so. "An appellate court lacks the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Herder, 594 F.3d 352, 362 (4th Cir. 2010) (internal quotation marks omitted). Because the district court clearly understood its authority to depart from the Guidelines, we lack authority to review this claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] In concluding that the basis for the district court's chosen sentence articulated at the sentencing hearing fully satisfied Gall's requirements, we reject Spencer's argument that the court's failure to also prepare a written statement explaining its decision to sentence him outside of the applicable Guidelines range constitutes reversible error.

before the court and argument would not aid the decisional process.

AFFIRMED