**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4938**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

AARON MARQUIS MCPHERSON,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Richard Mark Gergel, District
Judge.  (2:10-cr-00814-RMG-1)

───────────

Submitted:  March 29, 2012            Decided:  April 2, 2012

───────────

Before WILKINSON, KING, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Alston Calhoun Badger, Jr.
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Marquis McPherson pled guilty to six counts of his indictment: Count 1, possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); Count 2, possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); Count 3, possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2006); Count 4, use and carry of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006); Count 5, possession with intent to distribute marijuana and cocaine; and Count 6, possession of a firearm and ammunition by a convicted felon. McPherson was sentenced to a total of 117 months' imprisonment, 57 months for Counts 1, 2, 3, 5 and 6, and 60 months, consecutive, for Count 4.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 when it accepted McPherson's guilty plea to Count 1; (2) whether McPherson's sentence was procedurally and substantively reasonable; (3) whether the district court erred by denying McPherson's motion to withdraw his guilty plea; and

2

(4) whether defense counsel was ineffective. For the reasons that follow, we affirm.

First, we find no reversible error in the district court's Rule 11 colloquy for Count 1. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (noting harmless error review standard for asserted Rule 11 errors). Second, we find that McPherson's sentence was procedurally and substantively reasonable. The court imposed the sentence after careful consideration of the 18 U.S.C. § 3553(a) (2006) factors, and the sentence was within the properly calculated advisory Sentencing Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007); United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Next, we find no abuse of discretion in the district court's decision to deny McPherson's motion to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating review standard). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h).

Finally, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that defense counsel did not provide effective representation. United States v. Richardson, 195 F.3d

3

192, 198 (4th Cir. 1999); United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). McPherson has failed to meet this demanding burden. To allow for adequate development of the record, claims of ineffective assistance generally should be brought, if at all, in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. Gastiaburo, 16 F.3d at 590.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McPherson's convictions and sentence. This court requires that counsel inform McPherson, in writing, of the right to petition the Supreme Court of the United States for further review. If McPherson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McPherson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED