**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4103**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARRETT DON SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:04-cr-00466-GRA)

Submitted:  October 4, 2006          Decided:  October 31, 2006

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Garrett Don Smith pled guilty to conspiracy to possess with intent to distribute more than fifty grams of actual methamphetamine, more than 500 grams of methamphetamine, and a quantity of Ecstasy, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a 135-month term of imprisonment. Smith's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the adequacy of the plea colloquy but stating that, in his view, there are no meritorious issues for appeal. Smith was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea colloquy in light of the district court's failure to inform Smith that any false statement could be used against him in a prosecution for perjury, <u>see</u> Fed. R. Crim. P. 11(b)(1)(A); that he could persist in his plea of not guilty, <u>see</u> Fed. R. Crim. P. 11(b)(1)(B); that he had the right to counsel, <u>see</u> Fed. R. Crim. P. 11(b)(1)(D); and that he had the right to compel the attendance of witnesses, <u>see</u> Fed. R. Crim. P. 11(b)(1)(E). Because Smith did not move in the district court to withdraw his guilty plea on the grounds raised on appeal, any error in the Rule 11 hearing is reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of review). Our careful

review of the record on appeal convinces us that the district court's omissions did not affect Smith's substantial rights.  See id.; United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Smith's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED