**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4496**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHRISTOPHER JUNIOR RANDALL, a/k/a Chris,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00583-TLW)

Submitted:  July 31, 2008          Decided:  August 4, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Hallman, Jr., Columbia, South Carolina, for Appellant.
Reginald I. Lloyd, Assistant United States Attorney, Columbia,
South Carolina, Rose Mary Sheppard Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Christopher Junior Randall pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to 324 months of imprisonment. Randall's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the plea colloquy but stating that, in his view, there are no meritorious issues for appeal. Randall was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea colloquy in light of the district court's failure to inform Randall that he had a right to persist in his plea of not guilty under Fed. R. Crim. P. 11(b)(1)(B) and that he would be protected from compelled self-incrimination at a jury trial, Fed. R. Crim. P. 11(b)(1)(E). Because Randall did not move in the district court to withdraw his guilty plea on the grounds raised on appeal, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of review). Our careful review of the record on appeal convinces us that the district court's omissions did not affect Randall's substantial rights. See id.; United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should

consider in determining whether substantial rights affected in decision to plead guilty).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Randall's conviction and sentence. This court requires that counsel inform Randall, in writing, of his right to petition the Supreme Court of the United States for further review. If Randall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randall. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>