**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4851**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO LAMAR SCOTT,

        Defendant - Appellant.

**No. 08-5008**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TROY ADAM DAVENPORT, JR.,

        Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:08-cr-00215-HFF-2; 6:08-cr-00215-HFF-1).

Submitted: April 16, 2009      Decided: April 22, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————

David B. Betts, Columbia, South Carolina; James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellants.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Co-defendants Antonio Lamar Scott and Troy Adam Davenport, Jr., pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d) (2006), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2006). They were both sentenced to 117 months' imprisonment and a five-year term of supervised release. On appeal, their respective attorneys have filed briefs pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in their view, there are no meritorious issues for appeal. However, Scott's counsel questions the adequacy of Scott's Fed. R. Crim. P. 11 hearing, and Davenport's attorney challenges the reasonableness of Davenport's sentence. Scott and Davenport were advised of their right to file pro se supplemental briefs but have not done so. The Government has declined to file reply briefs in both cases. Finding no error, we affirm.

Scott's counsel raises as a potential issue the adequacy of the plea colloquy in light of the district court's failure to inform Scott that he had a right to persist in his plea of not guilty under Fed. R. Crim. P. 11(b)(1)(B). Because Scott did not move in the district court to withdraw his guilty plea on the ground raised on appeal, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of

3

review).  Our careful review of the record on appeal convinces us that the district court's omission did not affect Scott's substantial rights.  See id.; United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty).

Davenport's counsel questions the reasonableness of Davenport's sentence.  We review a criminal sentence for reasonableness, using the abuse of discretion standard.  Gall v. United States, 128 S. Ct. 586, 594-97 (2007).  We conclude that Davenport's sentence is both procedurally and substantively reasonable.  In this regard, we note that the district court properly calculated Davenport's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors.  See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).

We have examined the entire record in these cases in accordance with the requirements of Anders, and we find no meritorious issues for appeal.  Accordingly, we affirm both judgments. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review.  If the

4

respective client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED