**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4629**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ROGELIO CERVANTES-SERNA,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:07-cr-01281-TLW-2)

_____

Submitted:  April 20, 2010          Decided:  May 11, 2010

_____

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David B. Betts, Columbia, South Carolina, for Appellant.   Alfred
William Walker Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rogelio Cervantes-Serna timely appeals from the fifty-seven month sentence imposed following his guilty plea to one count of possessing a firearm and ammunition by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2), (e) (2006). Cervantes-Serna's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court complied with Federal Rule of Criminal Procedure 11 ("Rule 11") in accepting Cervantes-Serna's guilty plea. Cervantes-Serna has not filed a pro se brief, though he was informed of his right to do so. Finding no reversible error, we affirm.

Because Cervantes-Serna did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to

2

evaluate with eyes open the direct and attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Our review of the plea hearing transcript reveals that the district court substantially complied with Rule 11 in accepting Cervantes-Serna's guilty plea. Cervantes-Serna does not claim that any alleged errors by the district court during the plea colloquy influenced his decision to plead guilty and we conclude that no such errors affected Cervantes-Serna's substantial rights. Cervantes-Serna's plea was knowing, voluntary, and intelligently made, with full understanding of the consequences of his plea, and the district court found sufficient factual basis for the plea. See Fed. R. Crim. P. 11(b). Accordingly, we find no plain error.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cervantes-Serna's conviction and fifty-seven month sentence. This court requires that counsel inform Cervantes-Serna, in writing, of his right to petition the Supreme Court of the United States for further review. If Cervantes-Serna requests that a petition be filed, but counsel

believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cervantes-Serna. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED