**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4453**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

JESSE DORSZ, a/k/a 3D,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:07-cr-00399-JFM-2)

Submitted:  October 29, 2010       Decided:  November 18, 2010

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Bardos, SCHULMAN, TREEM, KAMINKOW & GILDEN, P.A.,
Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, John Walter Sippel, Jr., Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Dorsz appeals his conviction and 210-month sentence for one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), 2 (2006). The Government has moved to dismiss, citing an appellate waiver contained in Dorsz's plea agreement. For the reasons that follow, we deny the motion to dismiss, and we affirm the district court's judgment.

Dorsz seeks to raise one issue on appeal: that his guilty plea was not voluntary. Specifically, he claims that the Government represented to his counsel that a cooperating witness would testify that Dorsz murdered David Lee to prevent him from testifying before a grand jury. After Dorsz pled guilty, his counsel investigated the murder allegations further and has represented that the witness would not testify against Dorsz as the Government claimed. Dorsz argues that had it not been for the Government's claim that the witness would testify against him, he would have pled not guilty and proceeded to trial.

Prior to pleading guilty, Dorsz executed a plea agreement in which he agreed to waive "all rights conferred by 18 U.S.C. § 3742 [2006] to appeal whatever sentence is imposed,

2

including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory [G]uidelines range[.]"

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted).

By its plain terms, the appellate waiver only encompasses an appeal of Dorsz's sentence. He does not challenge his sentence on appeal. Rather, he argues his plea was invalid. Accordingly, the issue he seeks to raise is outside the scope of the appellate waiver, so we deny the motion to dismiss. We have reviewed the record, however, and we conclude that Dorsz's claim on appeal is without merit and further response from the Government is not warranted.

Because Dorsz did not move to withdraw his guilty plea in the district court, this court reviews for plain error.

3

United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that she would not have pled guilty but for the error).

Here, Dorsz has not shown that his substantial rights were affected by any purported error. At sentencing, he indicated (through counsel) that he was aware that the Government's witness would not testify against him, and the district court afforded him the opportunity to move to withdraw his guilty plea on that basis. Dorsz repeatedly and emphatically declined to move to withdraw his plea. He cannot now claim that he would have pled not guilty had this information come to light sooner. We conclude that Dorsz's claim does not withstand plain error review.

4

Accordingly, we deny the motion to dismiss and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED