**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5130**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TODD BELL,

        Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:09-cr-00219-RDB-3)

Submitted:  July 11, 2011        Decided:  July 18, 2011

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Megan E. Green, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant.   Michael Joseph Leotta, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Bell appeals from his convictions and sentence for possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i), (ii) (2006). On appeal, Bell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court committed plain error when it commingled the elements of the two distinct offenses in 18 U.S.C. § 924(c)(1)(A) during the plea colloquy. Bell was informed of his right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver provision in Bell's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the

2

circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Bell knowingly and intelligently waived his right to appeal his sentence. Bell explicitly waived his right to appeal a sentence of 384 months. Bell confirmed at his Rule 11 hearing that he read the indictment and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Bell understood the waiver and was competent to enter the plea. We therefore conclude that Bell knowingly and intelligently waived the right to appeal his sentence. Accordingly, we grant the motion to dismiss as to any sentencing issues, precluding our review of Bell's sentence pursuant to Anders.

The waiver provision, however, did not waive Bell's right to appeal his convictions. Defense counsel questions whether the district court erred when it described the elements of the offense with which Bell was charged using both "use and carry" and "possession" terminology. Because Bell did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 hearing, the plea colloquy is reviewed for plain error. General, 278 F.3d at 393; United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the Court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

We hold that the court did not commit plain error during the colloquy. Any error did not affect Bell's substantial rights, as he does not show that he would not have

4

pled guilty but for the district court's description of the charges. Indeed, Bell made the initial decision to plead guilty on the basis of the indictment, in which the offense is listed correctly. At the Rule 11 hearing, Bell assured the court that he had reviewed the indictment, discussed the charges and his plea with his attorney, and understood the charges to which he was pleading guilty. Bell's claim that he failed to receive adequate notice of the charges is insufficient to overcome his sworn statements at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). In accordance with Anders, we have thoroughly examined the entire record for any other potentially meritorious issues not covered by the waiver and have found none. Accordingly, we deny the Government's motion to dismiss as to Bell's convictions, and we affirm those convictions.

In sum, the Government's motion to dismiss is granted in part and denied in part, Bell's Anders appeal of his sentence is dismissed, and his convictions are affirmed. This Court requires that counsel inform Bell, in writing, of his right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

5

was served on Bell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART