**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4350**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KEILI DYSON, a/k/a SK,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:08-cr-00086-WDQ-19)

Submitted:  December 30, 2011      Decided:  January 10, 2012

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Paul  D.  Hazlehurst,  HAZELHURST  VITRANO  LLC,  Hunt  Valley,
Maryland,  for  Appellant.   Christopher  M.  Mason,  Special
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keili Dyson pled guilty pursuant to a written plea agreement to one count of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006). Pursuant to the plea agreement, Dyson waived his right to appeal his conviction and "whatever sentence is imposed," excepting any sentence in excess of 115 months' imprisonment.

On appeal, Dyson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Dyson's plea was knowingly and voluntarily made and whether Dyson's sentence was reasonable. The Government did not file a responsive brief, but moved to dismiss the appeal in part, arguing that the appeal waiver forecloses the appeal except to the extent that Dyson claims that his guilty plea was not knowing and voluntary. Counsel for Dyson responded, opposing the motion to dismiss. Dyson did not file a pro se supplemental brief, although informed of his right to do so. We grant the Government's motion, affirm in part, and dismiss in part.

We first review the voluntariness of Dyson's guilty plea. Because Dyson did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 plea colloquy, we review the plea colloquy for plain error.

2

United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that defendant must demonstrate he would not have pled guilty but for the error).

Our thorough review of the record reveals that the district court substantially complied with the mandates of Rule 11 and that Dyson's guilty plea was both knowingly and voluntarily made.

Next, we turn to the voluntariness of Dyson's appellate waiver. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will uphold such a waiver if it is valid and the issue being appealed is within

3

its scope. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." General, 278 F.3d at 400 (internal quotation marks omitted). Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Dyson does not challenge the validity of his waiver, and a review of the Rule 11 transcript confirms that he knowingly and intelligently waived his right to appeal. Moreover, Dyson's remaining claim, that his sentence was unreasonable, falls squarely within the scope of the waiver. Therefore, we dismiss Dyson's challenge to his sentence.

In accordance with Anders, we have reviewed the remainder of the record for potentially meritorious claims not foreclosed by Dyson's appellate waiver, and have found none. We

4

accordingly affirm Dyson's conviction and grant the Government's motion to dismiss the sentencing issue raised by counsel. We deny Dyson's motion to substitute counsel. This court requires that counsel inform Dyson, in writing, of his right to petition the Supreme Court of the United States for further review. If Dyson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dyson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART