**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4857

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANTE JAMERUS BRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:10-cr-00078-H-2)

Submitted: May 6, 2013                     Decided: May 30, 2013

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Sarah Jessica Farber, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante Jamerus Bright pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the reasonableness of Bright's sentence. Although advised of his right to file a pro se supplemental brief, Bright has not done so. The Government has moved to dismiss the appeal from Bright's sentence on the basis of the waiver of appellate rights contained in Bright's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss the appeal from Bright's sentence, and we affirm his conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006), and this court has consistently upheld the validity of appellate waivers. See, e.g., United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (noting that this court will enforce appellate waivers when validly executed). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver.

2

United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Blick, 408 F.3d at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

We have thoroughly reviewed the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing. Based on the totality of circumstances in this case, we conclude that Bright knowingly and voluntarily entered into the plea agreement and understood the waiver. Accordingly, the appeal waiver is enforceable.

Bright's challenge to the reasonableness of the sentence falls within the scope of the waiver. In his plea agreement, Bright waived the right to appeal his sentence, including any claims related to the determination of his advisory Guidelines range, reserving only the right to appeal

3

from a sentence greater than the Guidelines range established at sentencing. Bright's sentence was below the Guidelines sentence. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal from Bright's sentence.

Although the appeal waiver precludes our review of Bright's sentence, the waiver does not bar review of his convictions. Because Bright did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility[.]" United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that defendant must demonstrate he would not have pled guilty but for the error). We have reviewed the record and discern no error warranting correction on plain error review.

4

In accordance with <u>Anders</u>, we have thoroughly reviewed the entire record for any other potentially meritorious issues outside the scope of Bright's appeal waiver and have found none. We therefore affirm Bright's convictions, grant the Government's motion to dismiss and dismiss the appeal from his sentence. This court requires that counsel inform Bright, in writing, of his right to petition the Supreme Court of the United States for further review. If Bright requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bright. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>